argument. The next case for argument is 21-1725 Western Missouri. Great Lakes Insurance SE v. Ray Perrin et al. Very good. Mr. Meyer. May it please the court. Mark Meyer for Appellants Raj R.A.J. Entertainment E. and Ray Perrin This is a insurance coverage case. Diversity. The issue in the case is whether an assault and battery plaintiff's policy operates to exclude a claim for coverage in indemnity rising out of verdicts for against the defendants and appellants herein for failure to provide safe travel and negligent hiring, training or supervision. The underlying event was an altercation that occurred at the defendant's bar in August of 2012 between an employee who was not a party to the suit below and the plaintiff below in the underlying suit, Mr. Andrews. I think the first determinative question is whether the actions of R.A.J.J. and Perrin, which pled and proven, fall within the definition of assault and battery. They do not. What was alleged and ultimately proven was that the defendants failed to provide safe travel and negligently hired, trained and supervised Mr. Bolcherman, the employee. When you look at the applicability of the exclusion as to these two defendants, their alleged activity is not batteries, therefore not excluded. It's set forth in a brief. The other counsel, aren't we also dealing with a language characterizing also covered as a physical altercation? And couldn't that be different than assault and battery? Yes. However, as against these two defendants, the allegations were essentially failure to provide a safe location and negligent hiring, training and supervision. The issue, the. No one alleged that these two defendants beat up Mr. Anders and there's no evidence of that. And in point of fact, there was no evidence that the altercation was either intentional or reckless as defined by the policy that defines assault and battery. The other respect. Counsel opposing counsel argues that the the essential question under the controlling Missouri cases is whether the assault, the assault, the underlying assault battery is essential to the claims. That that rule that that argument gets to the second respect, which the district court error, the concurrent proximate cause rule holds that where there are two acts at issue and those acts are independent and distinct, one covered and one excluded. There is coverage in this case. I don't I don't think that I don't think that's directly applicable. This is not this is not concurrent proximate cause. This is there. You have no claims but for the assault and battery. The negligence claims could stand on their own. The negligent failure to provide safe travel, the negligence, hiring, training and supervision. But there's no damage. There's no damage. There's no. I mean, a claim includes includes harm. Right. The injury that Mr. Adams Andrews sustained resulted from this altercation. However, the negligence is alleged and proven could have exposed Mr. Andrews to a range of harms. And there's a lot of Missouri cases on this kind of situation. What's your best case for your response to this question? Gateway Holdings versus Lexington discusses this. Say that again. Gateway Holdings Inc. versus Lexington Insurance Company, 275 Southwest 3rd, 268. It's a 2008 case. That case involved a bar, which held a party. And then when the shooting started in the parking lot of the bar, the bar locked the doors. And it was held that their negligent creation of that condition and their negligent locking the doors could have created a range of harms that could have redounded to the plaintiff in this case. I think that that's most applicable. And the other case, which I, which we buy on is Adams versus certain underwriters of Lloyd's of London. And that's a Missouri district. And it has a citations case number, Eastern District 106, 121, 2019 case. And that case, it's, it's the parent company of the plaintiff in this case and has the same policy language. So those would be the two which I would rely upon in arguing that the current concurrent approximate cause rule is applicable here. The actions of Raj and Perrin in negligently hiring, training, and supervising bouldermen could have resulted in other harms to Mr. Gannon. Therefore, they're independent distinct. The actions of the defendants in failing to provide safe travel or failing to protect or failing to warn or failing to provide adequate security could have resulted in a range of harms to Mr. Gannon. Assaults by third parties, getting, you know, any, any number of other injuries could have occurred to him. That is why we believe and hold that the concurrent approximate cause rule is applicable in this circumstance and precludes the application of the exclusion in this case. Those, I also cited for the court, the Penn Star and Peck cases, which were cases, those were both cases wherein the assault and battery exclusion was not enforced. Penn Star is somewhat distinguishable in that it was alleged that the full force used was negligent and not intentional. Peck is closer. That was a bouncer altercation. But the primary authority upon which I would rely would be the Adams and Gateway. Mr. Meyer, maybe I don't understand your argument, but as I look at the exclusion, it seems to specifically cover every single basis that you seem to be asserting. There's provisions about failure to supervise, provisions about keeping premises safe, negligent hiring or training. I just it just I don't know. It just seems patently obvious to me that that all of these are excluded. But what am I missing about your argument? There must be something subtle that I'm missing. It may be due to my poor statement of my argument. I will attempt to the end. The Adams case dealt with the identical language created by the same parent company. And in that case, as in Gateway, the holding essentially relates to a causation analysis. They essentially held that if the battery is must be proven in order for the defendants to be liable, then the exclusion is applicable as written. If the battery is not the necessary element of the case, but there is a separate and distinct theory. As Judge Loken, I think, said how absent the battery, there's no damages. There's no injury. The battery. There's no if there's no claim. If if if you negligently supervise somebody and you walk through the parking lot of of a place where somebody is negligently supervised and nothing happens, there's no claim. There's no nothing. The negligence exists and could have resulted in various other harms. That's what's discussed in Gateway. In Gateway, a third party shot a kid in the parking lot. Absent that shooting, there would have been no damage in that case. Yes, but the the the injury was not an assault and battery. I mean, the shooting was not an assault battery by the insured or its employees. The claim was that the insured negligent created negligent and created the situation in which a third party's assault and battery took place. Correct. So that's completely different than here. The insured assault and battery was not essential to the damage claim as it is here, seems to me. I think that's what Judge Grunder is getting at. Also, I appreciate that Judge Grunder is getting that. And I think, though, that the negligence in supervising and the negligence of failing to provide security, as found by the jury, existed before and after the battery occurred. The battery is incidental and gives rise to the damages. The negligence is separate and distinct. I think it is in that respect that our case is comparable to Gateway. Let me make sure. Do you agree? Isn't injury an element of a negligence claim under Missouri law? Of course. Yes. OK. I don't know that I have anything else. I'll reserve my remaining time for rebuttal unless there's another question. Thank you. Mr. Quinn. You're muted. I believe you're muted. I apologize, Your Honors. Thank you. I do it all the time. May it please the court. I'm Phil Quinn. I represent Great Lakes Insurance, S.E., the appellee in this matter. We request, of course, that the summary judgment in this case be affirmed. I think it's important to point out from the outset that the judgment in this matter was ultimately for negligent hiring, retention, and supervision. There were two jury verdicts that included other findings by the jury, but that was the ultimate judgment. I also think it's important to point out what is apparently what I don't think is at issue in this case, either in the underlying case or on this appeal, which is that the events giving rise to the plaintiff in the underlying case's damages was an assault, battery, or physical altercation. At trial in the underlying case, counsel for the plaintiff multiple times referred to the event as an assault, referred to it as a fight, referred it to as punching the gentleman in the face, referred to it as a sucker punch. That occurred throughout opening statements, the evidence itself, closing statements, and then further on appeal, the appellants here in their appeal in the underlying case in their notice of appeal referred to this event as a physical altercation. I point that out because the fact that it seems to be undisputed that an assault, battery, or physical altercation occurred in this case is a distinguishing characteristic between really all three of the cases relied upon by the appellants here, and certainly the first two that they had cited in their brief, which was first the Penn Star Insurance v. Griffey case, but also the Peck v. Alliance Insurance case, which are very similar factually. They rely on these cases, but the facts of those cases were, unlike this case, that there's a bouncer in a bar who there's an unruly customer and essentially puts them in some kind of restraining hold and carries them outside and releases them, and they fall to the pavement, the plaintiffs, and they're injured. The allegations in that case were solely for negligence. There was no allegation nor proof of any assault in those cases, unlike, of course, this case, where all of the evidence points to a fight, a punch, striking somebody on purpose. Mr. Quinn, let me ask you this. Great Lakes provided a defense. Yes. Did you or other counsels selected by Great Lakes try the underlying case? There was another law firm selected by Great Lakes that did try the underlying case. Did the insured have counsel present? Well, the insured had counsel provided by Great Lakes. A defense was provided under reservation rights. I understand that, but I've seen other cases where the insurer accepts the tender of defense, but reserves the question of indemnity, where then the insured has its own lawyer participate in the trial or at least attend the trial in anticipation of an indemnity squabble later on. Did that happen here? I see what you're saying, Your Honor. And I do not believe that the insured had private separate counsel in this case. Okay. I could be wrong. So, that's the distinguishing characteristic in those Griffey and Peck Alliance cases. There was no assault or battery in those cases. The main case, as my opposing counsel mentioned, that they relied upon was the Adams versus certain underwriters at Lloyds and London case, which is distinguishable from this case both factually and, frankly, procedurally. The procedural aspect of it was in that case, the insurer actually refused to provide a defense, which is different from this case, of course, as we just discussed, and which is important because in Missouri law, if an insurance company refuses to provide a defense entirely, their burden is to prove that there is no possibility of coverage at the outset based on the pleadings and known information. And I think the Adams court certainly cited that standard, and I think that standard played into the court's analysis to some degree in analyzing the set of facts at issue there. Whereas in this case, where we've provided a defense, the only question is what facts are established in the underlying trial, and do they fit into the exclusion at issue in this case? And, of course, we say that it does. I think it's important also to point out in that Adams case, as Judge Loken, I believe, pointed out, that in Adams, the court noted numerous times, and while this perhaps wasn't absolutely determinative, but the court noted multiple times that there was no allegation of an assault or battery in that case, and assault and battery was not conclusively demonstrated in that case. Of course, the facts were that there's a minor teenager that minor attends this party that this club puts on. The club had advertised to get a bunch of minors to show up. And when all these minors show up in the parking lot, there's no security. They close the doors. An altercation breaks out. A gunshot is fired. And then the decedent was unfortunately killed. The court noted in its final determination, of course, it based its ruling on the concurrent proximate cause rule, which in doing so noted a number of things, one of which was that, again, there was no determination that the gunshot was an assault or battery. The court pointed out that it's possible, given the factual scenario that was created by the defendants in that case, in bringing all these minors without supervision, not letting them inside, given that scenario, that it was entirely possible that someone could have negligently fired a gunshot in that case and caused the exact same damage to the plaintiff. And that's one of the reasons why the court said that the assault and battery exclusion didn't apply, because an assault and battery was not necessary to the judgment in that case, which, of course. Counselor, just kind of synthesize here. So isn't the crux of the matter whether the assault in this case was merely incidental to the negligence claims or whether it was essential? That is the crux, Your Honor. And the way that Missouri applies that particular standard is, from what I can tell in the various cases when it's applied, is it's very fact specific. And they do analyze all the surrounding circumstances. In the Adams case, as I said, the court's ultimate conclusion that it was an independent and distinct event appeared to be based on what I just said about the underlying judgment not requiring an assault and battery, but also the court noting that given the circumstances that were set up and giving the minor children involved, that there were any number of other dangerous situations that could have been created by the negligence of the defendant. And therefore, it wasn't necessarily assault and battery that was a crucial point. And, you know, in Missouri, which is what I think ultimately is the Adams case is somewhat of an anomaly and quite distinguishable from this case. And when in Missouri, there are numerous, numerous other cases that are more directly on point with this case. One of them that I would refer to is the acceptance insurance company versus winning concepts of Westport case, which is almost exactly on point with this one. It was the allegation was that bars employees beat up the plaintiff. And so an assault or battery occurred, but the plaintiff sued the bar for negligent hiring and retention. And the court held in that case that the exclusion not only excluded the assault and battery, but also any negligence which could have given rise to the assault and battery, which is exactly what we're saying here is not only would an assault and battery be excluded, but the exclusion in our case specifically refers to assault, battery, physical altercation, causing physical injury. But also it's also excluded when the assault, battery and physical altercation itself arises from the negligence of the insured, the insured employees or any other person. Our exclusion is that broad. And as mentioned earlier, that the exclusion, it has a catch all that says refers to any negligence of the insured giving rise to assault, battery or physical altercation. But in addition, it specifically refers to negligent hiring, negligent supervision, which were the precise claims that the that the the appellants in this case are trying to make. And there's other cases in Missouri law. The capital indemnity versus callous case, again, exact same set of facts. The Court of Appeals in Missouri upheld a much less broad assault and battery exclusion than than the one at issue in this case. Employees assaulted the plaintiff. The plaintiff claimed negligence. The court held that the exclusion, which said anything arising out of the assault and battery was excluded, was what was sufficient to uphold the exclusion. And there was no coverage. Again, in that case, there's the Pan Am insurance versus the bar case that I cited in my brief. The train wreck west versus Berlin and insurance case. All of these are directly on point with this case where employees of a bar are have assaulted or get in an altercation with a patron. The plaintiffs, the plaintiffs sue. The courts have said that the negligence is excluded as well as any assault or battery, because the the exclusions refer to any events, any physical injury arising from an assault or battery, which is the exact facts of this particular case. I'd also point out that these exact exclusion has been examined by other federal district courts across the country, which had cited in my brief as well. And these same arguments have been made in those courts have determined that these exclusions are valid and applicable. So in closing, I just point out that the cases relied upon by the appellants here are distinguishable from this case because they really, really didn't involve assaults and batteries. And therefore, the Adams case is slightly anomalous in its factual scenario. There are numerous, numerous cases in Missouri law that are exactly on point with this case where these exclusions have been upheld. And it's been determined that there is no duty to indemnify and factual, factual situations basically identical to this one. And so unless there's any additional questions, your honors, I that will include my argument. And thank you. Thank you, Mr. Mr. Meyer. I think you're you're muted, I think. Pardon me. Thank you, Your Honor. I would first note, confirm that at the underlying trial, there was no personal counsel for the defendants. They were represented by the counsel retained by the plaintiff insurer. In this case, it is important to look back at the appendix and in our brief at the two verdicts that rendered in these cases. When you look at those, that makes the point and establishes that these are separate and distinct acts of negligence, which are distinct from the assault. Verdict A, which is the appendix page 143 and set forth in my brief at page 11, held as stated as follows on the claim of plaintiff Michael Andrews for compensatory damages for failing to provide safe travel or failing to protect or failing to warn or failing to provide adequate security. We assess percentages fall as follows. They allocated full and they assess damages at one hundred and five thousand dollars. Any of those acts of negligence per Adams and Gately could have resulted in different injuries. The injuries are the precipitating event, but they're incidental to this negligence, which was held to have existed, which preexisted and postdated the injury issue. The second verdict in our appendix at page 144 in the brief at page 12 held. Verdict B on the claim of plaintiff Michael Andrews for compensatory damages for negligent hiring, retaining or supervision. We, the undersigned jurors, assess percentages of false follows the system, and then they assess damages on that count of one hundred and ninety five thousand dollars. So there were different amounts. And in both cases, they held that there was no liability for punitive damages in both verdicts. Markedly absent from those verdicts and from the pleadings in the case and from the proof in the case was any direct evidence or finding about the nature of the solver case. The policy defines a battery as the intentional or reckless physical contact with or any use of force against a person without his or her consent. That entails some injury or offensive touching. In the trial, the underlying case, there's nothing in the record, nothing cited here, which established that this force was intentional or reckless was some reference to the fight having occurred. But the direct evidence of that is absent from the record. There wasn't any evidence about consent, whether this was mutual combat or some agreed fight. And there wasn't any evidence about whether it was offensive touching. The policy defines physical altercation as follows. Physical altercation means a dispute between individuals in which one or more persons sustained bodily injury arising out of the dispute. There was no evidence in the record or in the trial of the underlying case establishing that there was a dispute. There are tangential incidental references to the fight and then proof of the nature and extent of the injury. That goes to show the negligence of these defendants separate and distinct such that the concurrent proximate cause doctrine is applicable and the exclusions inapplicable. Accordingly, we would ask the court to reverse the summary judgment and remand for further proceedings. Three seconds left. Further. Thank you, counsel. The case has been well briefed and argued. Argued with the helpful and clarifying and we'll take it under advisement.